[Civ. No. 11369.   Second Appellate District, Division Two.—March 15, 1937.]

JOHN D. WARD et al., Appellants, v. CHARLES A. ALLING et al., Respondents.

Bernard G. Hiss for Appellants.

S. E. Lambert for Respondents.

CRAIL, P. J.—The plaintiffs filed their petition in the superior court under the Moratorium Act of 1935 (Stats. 1935, p. 1208) asking the court to enter such orders as it deemed just and equitable staying the foreclosure of a trust deed on real property. After a trial was duly had the court made an order staying foreclosure under the conditions, however, that the plaintiffs restore to use the well, on the ranch, known as the "six-inch" well within a certain date and that they restore to use the well known as the "twelve-inch" well within a later date, or show good cause for failure to do so, and upon the further condition that the petitioners keep the premises in good order and repair, and pay the taxes. Petitioners failed to comply with the conditions of the order and a motion to vacate the order and set aside the stay was presented to the court. Plaintiffs asked for additional time and thereupon the motion was continued for an additional three months in which they might have complied with the conditions. Upon the hearing the court found and held that the conditions had not been complied with and no good cause had been shown for failure to do so and vacated and set aside the stay order and rendered judgment against the plaintiffs, dismissing the proceedings. It is from this order and judgment that the appeal is taken.

The plaintiffs present four points upon which they claim the judgment should be reversed, which are stated in the language of the plaintiffs as follows: "1. Was the order vacating the stay of trustees sale under the Moratorium Act of 1935 an abuse of discretion? 2. Did the evidence support the findings . . . of the court? 3. Do the findings of the court support the conclusions of law . . . ? 4. What is meant by 'Restored to Use'?"

■ Obviously it was not an abuse of discretion for the court, after granting an order for an extraordinary remedy which for that very reason was made upon certain conditions, to vacate and set aside the order when the conditions were not complied with even though additional time had been given for compliance.

■ As to the second point, it is our duty on appeal to view the evidence in the light most favorable to the party who was successful in the trial court, and, if there is any substantial evidence to support the findings, then the findings must remain as the facts in the case. The plaintiffs seem unfamiliar with this rule, for they content themselves with setting out their own evidence in the light most favorable to themselves, and they do not set out at all the evidence of the defendants—the evidence upon which the findings of the court were based. The defendants on their part contend that "all the findings of fact are supported by the preponderance of all the evidence" and set forth the evidence and argue it upon this basis, as if this were necessary. This court on its part will not permit itself to be relegated to the status of a trial court jury—for the reasons usually given and for the additional reason that to do so would allow its efficiency in the dispatch of business to be impaired. It is a sufficient answer to plaintiffs' contention to say that there is substantial evidence to sustain the findings of the trial court.

■ The plaintiffs do not develop points 3 and 4, either by argument or citation of authorities, and for that reason are deemed to have abandoned them. (2 Cal. Jur. 732.) We are left in the dark on "what is meant by 'restored to use' ".

Judgment and order affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.